NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Steven Lipp, Heidi Lipp | NO. C 05-03671 JW |
| Plaintiff(s), | |
| v. | **ORDER GRANTING MOTION TO TRANSFER; DENYING WITHOUT PREJUDICE MOTION TO DISMISS** |
| Monte Carlo Hotel and Casino et al., | |
| Defendant(s). | |

## I. INTRODUCTION

This action arises out of an alleged battery and assault that took place at the Monte Carlo Casino Hotel. Presently before the Court are Defendant Monte Carlo Resort Casino dba Monte Carlo Resort and Casino's ("Defendant") (1) motion to dismiss or to transfer for improper venue pursuant to 28 U.S.C. §1406(a), or in the alternative to transfer for convenience pursuant to 28 U.S.C. §1404(a), and (2) Defendant's motion for extension of time to file response to complaint. Plaintiff has filed a statement of non-opposition to the motion to transfer. Based upon all pleadings filed to date, the Court grants the motion to transfer, and denies the motion for extension of time, without prejudice to renew the motion in the District Court of Nevada.

## II. BACKGROUND

Plaintiffs, residents of California, allege that on August 13, 2003, they were guests at the Monte Carlo Hotel and Casino in Las Vegas, Nevada. They allege that Mr. Steven Lipp encountered

hotel security guards with an intoxicated individual, a complete stranger to Mr. Lipp. The security guards were attempting to remove the individual from the premises. Mr. Lipp interceded and suggested to the security guards that they escort the intoxicated individual to his hotel room rather than remove him from the premises. The security guards relinquished control over the individual to Mr. Lipp and instructed him to escort the individual to his hotel room. While in the elevator, the individual attacked Mr. Lipp.

Based upon the foregoing allegations, Plaintiffs assert claims for battery, assault, premises liability, intentional infliction of emotional distress, negligent infliction of emotional distress, and loss of consortium. Defendant moves to dismiss or transfer the case pursuant to 28 U.S.C. §§1406(a) and 1404(a). Defendant also moves for an extension of time to file a response to the complaint.

### III. STANDARDS

Pursuant to 28 U.S.C. §1406(a), if a plaintiff commences an action in the wrong district, the court may dismiss the action for improper venue. Alternatively, the action may be transferred to any district where it could have been brought "if it be in the interest of justice." 28 U.S.C. §1406(a).

Title 28 U.S.C. § 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of Section 1404(a) is "to prevent the waste of 'time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (quoting Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 26 (1960).

A district court has broad discretion to adjudicate motions to transfer on a case-by-case basis. Stewart Org. Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). When adjudicating a motion to transfer under Section 1404(a), a district court must balance a number of factors, including the plaintiff's initial choice of forum, convenience of the parties and witnesses, access to evidence, and the interest of justice. See id.; Piper Aircraft Co. v. Reyno, 454 U.S. 235, 253 (1981).

### IV. DISCUSSION

Although Defendant's motion is predicated upon both section 1406 and section 1404, Defendant's brief focuses primarily on section 1404. This Court, similarly, will focus on section 1404. Applying the standards set forth above, and in light of Plaintiff's statement of non-opposition, the Court finds that in the interest of justice, the action should be transferred to Nevada. This action clearly could have been brought in Nevada, and indeed Defendant represents that Plaintiffs have already filed an identical suit in Nevada, which has not yet been served. The incident occurred in Nevada. The security guards involved in the incident are in Nevada. Further, Mr. Lipp was treated for his injuries in Nevada. In sum, most of the evidence is located in Nevada.

## V. CONCLUSION

For the reasons set forth above, the motion to transfer is granted. The Clerk of Court shall transfer the action to the United States District Court for the District of Nevada. The motion for an extension of time is denied, without prejudice to renew the motion in the District Court of Nevada.

Dated: October 24, 2005

05cv3671transfer

JAMES WARE
United States District Judge

3

1  **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2  Sharon Lynn Hightower shightower@eakdl.com

3

4  David Kraft
   181 Devine Street
   San Jose, CA 95110

5

6  **Dated: October 25, 2005**                         **Richard W. Wieking, Clerk**

7

8                                                      **By:_/s/JW Chambers_____
                                                         Ronald L. Davis
                                                         Courtroom Deputy**

**United States District Court**
For the Northern District of California